## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Emmanuel A. Lugo,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Concentrix Corporation,<br><br>　　　　Defendant. | Case No. 0:25-cv-02585-ECT-JFD<br><br>**DEFENDANT'S ANSWER** |

Defendant Concentrix Corporation ("Defendant"), by and through its undersigned attorneys, hereby answers the Complaint in the above-entitled action by denying each and every thing, fact, matter, and allegation contained in the Complaint (including any headings, footnotes, or citations) except as specifically admitted below, and further responds as follows:

1. Upon information and belief, Defendant admits the allegations in Paragraph 1.

2. Defendant admits the allegations contained in Paragraph 2.

3. Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter.

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to state claims under the identified statutes. Defendant denies any wrongdoing whatsoever.

5. Paragraph 5 was omitted from Plaintiff's Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this Court is an appropriate venue.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

## REQUEST FOR RELIEF

Defendant specifically denies that Plaintiff is entitled to the relief set forth in the "Request for Relief" section of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves its right

to assert additional defenses should the precise nature of Plaintiff's claims become clear. Further answering, Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove:

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. The Complaint, and each of its causes of action, is barred in whole or in part because Defendant had an honest, good-faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

3. Plaintiff's Complaint fails, in whole or in part, because Defendant acted in good faith, upon proper occasion and with proper motive. Defendant's conduct with respect to Plaintiff was based on legitimate, non-discriminatory and non-retaliatory reasons, and was not in violation of any statute, law, rule, regulation or ordinance.

4. Plaintiff's Complaint fails to the extent Plaintiff has failed to exhaust administrative remedies.

5. Plaintiff's Complaint fails because Plaintiff has suffered no harm and no damages. Any damages Plaintiff alleges to have suffered are as a result of his own conduct and/or failure to mitigate his alleged damages.

6. To the extent Plaintiff's Complaint alleges a failure to reasonably accommodate, Plaintiff's Complaint fails because Plaintiff failed to engage in the interactive process.

To the extent to which the Complaint may be barred by any remaining affirmative or other defenses that cannot be determined at this time without the benefit of additional discovery, as a separate and affirmative defense to the Complaint, Defendant reserves its rights to assert all affirmative and other defenses as appropriate.

WHEREFORE, having responded to the allegations in Plaintiff's Complaint, Defendant hereby requests that the Court enter an Order:

A.  Dismissing Plaintiff's Complaint with prejudice and ordering that Plaintiff take nothing by his alleged causes of action;

B.  Awarding Defendant its costs and expenses, including reasonable attorneys' fees, as set forth under the law; and

C.  Awarding Defendant such other relief as the Court deems just and proper.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.**

Dated: July 16, 2025

*s/Jody Ward-Rannow*
Jody Ward-Rannow, #0387098
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN  55402
Telephone:  612-336-6873
Facsimile:  612-339-0061
jody.ward-rannow@ogletree.com

*Attorneys for Defendant*
*Concentrix Corporation*