UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Emmanuel A. Lugo,<br><br>    Plaintiff,<br><br>v.<br><br>Concentrix Corporation,<br><br>    Defendant. | Case No. 0:25-cv-02585-ECT-JFD<br><br>**CONCENTRIX CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR TRO** |

## INTRODUCTION

As the Court identified in its June 23, 2025, Order, Plaintiff Emmanuel Lugo ("Mr. Lugo") has alleged injuries typical of an employment lawsuit. (Doc. 9). Plaintiff has not demonstrated irreparable harm, nor has he met the other factors for issuance of a temporary restraining order. Defendant Concentrix Corporation ("Concentrix") requests that the Court deny Plaintiff's motion for temporary restraining order.

## STATEMENT OF FACTS

Mr. Lugo is a current employee of Concentrix. He alleges he applied for FMLA leave on May 27, 2025. (Doc. 3). Mr. Lugo alleges he learned his leave was denied on June 3 and then learned that his leave was reinstated on June 13, 2025. (Doc. 3). Mr. Lugo's filings over the last few weeks demonstrate that he remains on leave to this day. Mr. Lugo alleges his paycheck following the commencement of his leave was reduced. (Doc. 3). FMLA leave is unpaid and he has not clearly identified what pay he should have received that he did not despite the fact that he alleges that he has had access to his

leave records on ADP since at least June 13, 2025. Mr. Lugo also has not alleged that he has been unable to access his payroll records in Workday.

## LEGAL ARGUMENT

1. **THE TRO LEGAL STANDARD**

The Eighth Circuit has outlined four factors that district courts must consider in deciding whether to grant a temporary restraining order or preliminary injunction:

1) the probability that the moving party will succeed on the merits of its claims;

2) the threat of irreparable harm to the moving party should a temporary restraining order be denied;

3) the balance between this harm and the harm that granting the temporary restraining order will cause to the other parties to the litigation; and

4) the public interest in granting the temporary restraining order.

*Dataphase Svs., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*). No single factor is determinative. *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). Mr. Lugo has not established any of these factors.

2. **MR. LUGO HAS NOT ESTABLISHED ANY OF THE REQUIREMENTS FOR A TEMPORARY RESTRAINING ORDER**

    **A. Mr. Lugo has not established a strong likelihood of success on the merits.**

Mr. Lugo has not shown a strong likelihood of success on the merits. Ultimately, he alleges he was granted FMLA leave and the facts in his most recent filings demonstrate he remains on leave at this time. (*See* Doc. 3). Mr. Lugo filed several documents relating to claims he made with other agencies. None of these agency filings support successful claims in this case. Indeed, some of the agencies stated they did not find that Mr. Lugo had claims. Mr. Lugo alleges he suffered lost wages relating to his

FMLA leave. FMLA leave is unpaid. Moreover, Mr. Lugo has not presented facts that any pay he received was erroneous. Mr. Lugo has not established a strong likelihood of success on the merits. This factor does not support the grant of a temporary restraining order.

### B. Mr. Lugo will not suffer irreparable harm absent injunctive relief.

Mr. Lugo has not demonstrated that he will suffer irreparable harm absent injunctive relief. As the Court noted in its June 23, 2025, Order, the injuries alleged in this matter are common injuries alleged in employment law cases. (Doc. 9). Mr. Lugo alleges lost wages. Lost wages are exactly the types of damages that courts routinely award if a plaintiff prevails on the merits at the conclusion of litigation. The loss of wages is not irreparable as Mr. Lugo can recover those wages at the conclusion of the litigation should he prevail. This factor does not support a temporary restraining order.

### C. The balance of harms favors Concentrix.

The balance of harms weighs in favor of Concentrix. Mr. Lugo has not presented facts identifying that he has been denied any rights. Without clear evidence about what has transpired in this case, issuing an order restraining Concentrix in any way would harm its ability to operate its business. This factor does not favor issuing a temporary restraining order.

### D. The public interest weighs in favor of not granting a temporary restraining order against Concentrix.

The public interest does not favor granting a temporary restraining order in this case. Mr. Lugo alleges that he was granted FMLA leave and he remains on a leave at this

time. Mr. Lugo also alleges that he has current access to his ADP leave records and has not alleged that he is unable to access his payroll records in Workday. The public has no interest in any private alleged disputes between Mr. Lugo and Concentrix. This factor favors denial of Plaintiff's motion for temporary restraining order.

## CONCLUSION

Mr. Lugo has not demonstrated any of the factors required to obtain a temporary restraining order. The alleged damages in this case are the same as a typical employment lawsuit and do not support a restraining order. Mr. Lugo alleges that he was granted FMLA leave and his filings show that he remains on a leave at this time. Concentrix respectfully requests that the Court deny Plaintiff's motion for TRO.

Dated: July 16, 2025

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.**

*s/Jody Ward-Rannow*
Jody Ward-Rannow, #0387098
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN  55402
Telephone:  612-336-6873
Facsimile:  612-339-0061
jody.ward-rannow@ogletree.com

*Attorneys for Defendant*
*Concentrix Corporation*

4