UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EMMANUEL A. LUGO, | Case No. 25-CV-2585 (ECT/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| CONCENTRIX CORPORATION, | |
| Defendant. | |

On June 23, 2025, this Court entered an order noting that Plaintiff Emmanuel A. Lugo's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2 ("IFP Application")) was incomplete. (*See* ECF No. 10 at 1.) Specifically, the Order observed that Mr. Lugo's Complaint and exhibits showed he "ha[d] been employed for the past several months" and that his recent salary was $65,758.63. (*See id.* at 1 (citing ECF No. 1-1 at 124).) The Order further noted the exhibits showed that "Mr. Lugo has continued to receive deposits from his employer until very recently…" (*See id.* (citing ECF No. 1-1 at 156).)

The Order stated that "[w]ithout further information regarding Mr. Lugo's recent and anticipated income," the Court could not determine whether it would be appropriate to let Mr. Lugo proceed *in forma pauperis* ("IFP") here. It thus denied the IFP Application and gave Mr. Lugo 14 days either to submit an amended IFP application or to pay the $405.00 filing fee. (*See id.* at 2.) For the amended application, the Order encouraged Mr. Lugo to use "the IFP application template provided by this District." (*Id.*)

Mr. Lugo has submitted a new IFP application, but the new application remains flawed and does not address the Court's earlier concerns. As an initial matter, Mr. Lugo did not use this District's standard IFP-application template; instead, he used a form intended for Minnesota state courts. (*See* Aff. to Request Fee Waiver, ECF No. 30-1 ("Amended IFP Application").) Notably, unlike the federal form, the state form does not ask about an applicant's income over the past 12 months. (*Compare id.* at 3 *with* ECF No. 2 at 1.) As a result, Mr. Lugo's new IFP application also provides no information about his earlier income, despite this information plainly appearing in other documents he submitted and despite the Court specifically instructing him to address this issue.

Additionally, the new IFP application contains a puzzling new entry: when asked about his income, Mr. Lugo states that he is receiving unspecified "Litigation Related Reimbursements." (ECF No. 30-1 at 3.) If Mr. Lugo is not personally bearing the costs of this litigation, it would make little sense to conclude that paying this action's filing fee would cause him undue hardship or deprive him of life's necessities. *Cf. Ayers v. Tex. Dep't of Crim. Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam).

3

The Amended IFP Application is therefore **DENIED**. Mr. Lugo has 14 days to pay this action's filing fee. If he does not, the Court will recommend dismissing this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**SO ORDERED.**

Date: July 22, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

3