# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Emmanuel A. Lugo, | Case No. 25-cv-2585 (ECT/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Concentrix Corporation, | |
| Defendant. | |

In the month since his complaint was filed, Plaintiff Emmanuel A. Lugo has filed nearly forty documents in this case, an average of about one filing per day. Almost none of these filings are authorized by the Federal Rules of Civil Procedure or the Local Rules of this Court. For example, Mr. Lugo has filed over fifteen documents that he has labeled as "exhibit." It is not clear what these documents are meant to be exhibits *to*. Mr. Lugo's five-page complaint (Dkt. No. 1) had appended to it approximately 362 pages of exhibits. Mr. Lugo does not explain under what legal authority he is allowed to file exhibits to an already-filed complaint, nor is this Court aware of any such authority. This is especially true of exhibits docketed after the Complaint had been answered by Defendant Concentrix. (Dkt. No. 31.) Mr. Lugo's prolific filing behavior is both unnecessary and wasteful of the Court's resources. Concentrix has chosen not to object to Mr. Lugo's filing behavior. Presumably Concentrix has its reasons for forbearance. Because of the absence of an objection from the defense, the Court will not order Mr. Lugo's unauthorized filings stricken from the record, but will order Mr. Lugo, from this day forward, to cease filing documents not

authorized by the Federal Rules of Civil Procedure or the Local Rules of this Court. The Court unfortunately finds it necessary to once again remind Mr. Lugo, for the second time in less than a month, that although he is representing himself, he must still obey all procedural rules, just as he would were he represented by a lawyer.

Further, Mr. Lugo's request that the Court waive the meet and confer requirement of Local Rule 7.1(a) is denied. The Court cannot understand the claims Mr. Lugo brings forward to try to excuse his noncompliance with the meet and confer requirement, in part because Mr. Lugo provides no detail about his apprehensions of "documented safety concerns, digital retaliation, and ongoing harassment" (Dkt. No. 23), nor is the matter made any clearer by Mr. Lugo's cross-reference to a July 4 filing he made (presumably Dkt. No. 21) or to his Exhibits V through Z.

Neither Mr. Lugo's Motion for a Protective Order at Dkt. No. 16 nor his Motion to Supplement the Record at Dkt. No. 26 are supported by an adequate meet and confer statement, as required by Local Rule 7.1. Those two Motions are denied without prejudice for failure to comply with the meet and confer requirement. The Court notes that Mr. Lugo's Motion for a Protective Order appears to be nothing more than a request that Concentrix observe the obligations to preserve evidence that are incumbent on any litigant, and the Court reminds Concentrix of its obligation to follow the law as to preservation of evidence.

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Mr. Lugo is to cease filing on the docket those documents not permitted by the Federal Rules of Civil Procedure or the Local Rules of this Court; and

2. Mr. Lugo's Motions at Docket Nos. 16 and 26 are **DENIED without prejudice** for failure to comply with D. Minn. LR 7.1.

Date: July 28, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge