UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| EMMANUEL A. LUGO, | ) | |
| Plaintiff, | ) | |
| v. | ) | **Case No.** 0:25-cv-02585-ECT-JFD |
| | ) | |
| CONCENTRIX CORPORATION, | ) | |
| Defendant. | ) | |

**EXHIBIT DD.9 GOVERNMENT INTERFERENCE & WHISTLEBLOWER RISK**

(Breakdown of Institutional Protection and Cross-Agency Retaliation Exposure)

## I. EXECUTIVE SUMMARY

This exhibit outlines credible patterns of systemic inaction, metadata vulnerability, and whistleblower risk arising from Plaintiff Emmanuel A. Lugo's good-faith attempts to obtain protection from multiple U.S. government agencies. After initiating federal complaints with the EEOC, OSHA, FTC, CMS/OIG, DOL, and the NLRB, Plaintiff experienced escalating digital surveillance, retaliation, physical threats, and platform manipulation without any formal protective response.

The convergence of **agency silence**, **retaliatory escalation**, and **technical metadata exposure** raises the alarm: that whistleblowers engaging in protected activity may still face irreparable harm when agency structures are passive, siloed, or digitally unprepared to shield those they are meant to protect.

## II. TIMELINE OF WHISTLEBLOWER CONTACT AND ESCALATING RETALIATION

| Date | Agency Contacted | Action Taken | Result / Retaliation Timeline |
|---|---|---|---|
| June 13, 2025 | EEOC, OSHA, FTC | Formal intake complaints submitted | Digital access failures begin within days (BB.3) |
| June 20, 2025 | MDHR | Confirmation of jurisdiction filed | CC.5 platform interference begins |
| June 24–30, 2025 | Plaintiff attempts follow-up | No acknowledgment or protective outreach | Surveillance escalates (BB.4) |
| July 8, 2025 | NLRB (Affidavit + exhibits submitted) | Region 8 counsel contacted | Tracker email targeting resumes within 48 hours (BB.7) |
| July 11–14, 2025 | CMS/OIG complaint + retaliation alert issued | No reply from CMS; Lockdown Mode triggered | iCloud spoofing alert (BB.6) |
| July 21–26, 2025 | OSHA, EEOC, and NLRB re-contacted | No protective action taken | Spoofed phishing and MAC floods follow summons filing (DD.7) |
| July 27, 2025 | Physical safety concerns escalate | Bond app activated | Agency silence continues (DD.9-A) |

## III. PATTERN OF FAILURES ACROSS AGENCIES

| Agency | Breakdown Description |
|---|---|
| EEOC | No retaliation protection provided despite Plaintiff being forced out under protected status |
| OSHA | Minnesota OSHA referral not escalated; no follow-up despite medical risk |
| FTC | Complaint marked received; no action taken as surveillance escalated |
| NLRB | Retaliation affidavit submitted; tracking events followed submission; no whistleblower shield offered |
| CMS/OIG | ERISA and privacy violations ignored despite formal referral |
| DOL | STD and classification harm not addressed; access portal glitches reported |

## IV. METADATA EXPOSURE AND SYSTEMIC RISK

Concentrix and affiliated actors capitalized on gaps in whistleblower protections by:

- **Monitoring submission timelines and triggering retaliation (BB.3, DD.7)**
- **Exploiting unencrypted email routing between Plaintiff and agencies**
- **Targeting alias accounts after agency filings (e.g., therealmsseer@gmail.com)**
- **Reacting with spoofed phishing campaigns and network flooding around PACER filings**

The absence of **secure agency infrastructure**, combined with delayed or absent responses, placed Plaintiff in extreme vulnerability, both emotionally and physically.

## V. SWORN DECLARATION

**I,** Emmanuel A. Lugo, **declare under penalty of perjury:**

I followed every step required of a whistleblower. I filed my claims. I contacted the agencies. I submitted the evidence. I complied with procedure. But instead of protection, I was left exposed. The retaliation escalated. My devices lit up. My accounts were spoofed. My home network was targeted. My emotional state deteriorated. And through all of it- **they said nothing**. This was not just Concentrix's retaliation. It was the system's silence.

I submit this exhibit as a record of what happens when a whistleblower speaks and is left alone to endure the consequences. Executed on this day, **July 31, 2025** in **Eagan, Minnesota.**

Respectfully submitted,
**/s/ Emmanuel A. Lugo**
*Pro Se* - Plaintiff
Dated: **July 31, 2025**

## VI. CROSS-EXHIBIT SUPPORT

The systemic failures of agency protection and resulting retaliation outlined in Exhibit DD.9 are supported by the following cross-referenced exhibits:

- **Exhibits BB.3, BB.5, and DD.7** confirm that surveillance, tracker emails, and digital retaliation escalated after Plaintiff submitted formal complaints to the EEOC, FTC, OSHA, and NLRB, including within 48 hours of filing dates.

- **Exhibits CC.4 through CC.6** provide direct evidence of medical platform lockouts, prescription delays, and benefit access obstruction that occurred while no protective measures were taken by contacted agencies.

- **Exhibits DD.1 through DD.4 and DD.8** collectively show that retaliation intensified during and after Plaintiff's protected disclosures, including workload manipulation, constructive demotion, performance suppression, and eventual emotional and cognitive collapse.

- **Exhibits BB.4 and BB.6** document technical forensic confirmation of MAC address spoofing, phishing attempts, iCloud alert logs, and ARP flooding, which coincided with agency filings and PACER docket activity.

- **Exhibits DD.7 and DD.9-A** verify that Plaintiff was forced to activate safety protocols, including installation of the Bond security application, in response to real-time threats that were never acknowledged by **OSHA, NLRB, or DOJ.**