# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Emmanuel A. Lugo,<br><br>                    Plaintiff,<br><br>v.<br><br>Concentrix Corporation,<br><br>                    Defendant. | Case No. 0:25-cv-02585-ECT-JFD<br><br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Concentrix Corporation ("Defendant"), by and through its undersigned attorneys, hereby answers the First Amended Complaint in the above-entitled action by denying each and every thing, fact, matter, and allegation contained in the First Amended Complaint (including any headings, footnotes, or citations) except as specifically admitted below, and further responds as follows:

## PREFACE

Defendant denies the allegations contained in the Preface section of Plaintiff's First Amended Complaint and denies any wrongdoing whatsoever.

## I. JURISDICTION AND VENUE

1.      Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter and that Plaintiff purports to bring claims pursuant to the listed statutes.

2.      Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter and that Plaintiff purports to bring claims pursuant to the listed statutes.

3.      Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this Court is an appropriate venue.

4.      Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff filed a Charge of Discrimination and received a Right to Sue Notice.

5.      Defendant lacks sufficient information to admit or deny all of the agencies Plaintiff has contacted and the allegations made and, therefore, denies the same. Defendant denies any and all remaining allegations contained in Paragraph 5.

6.      Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the Court has authority granted under the Federal Rules of Civil Procedure.

## II. PARTIES

7.      Defendant admits that Plaintiff has worked for Concentrix Corporation, brings this action pro se, and, upon information and belief, lives in Minnesota. Plaintiff's allegations of protected class status are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant denies any and all remaining allegations in Paragraph 7.

8.      Defendant admits the allegations in Paragraph 8.

9.      Defendant denies the allegations in Paragraph 9.

10.     Defendant denies the allegations in Paragraph 10.

11.     Defendant denies the allegations in Paragraph 11.

### III. PROCEDURAL HISTORY

12.    Defendant admits Plaintiff submitted a purported grievance to Human Resources on or about May 22, 2025. Defendant states that this document speaks for itself. Defendant denies any and all remaining allegations in Paragraph 12.

13.    Defendant admits the allegations in Paragraph 13.

14.    Defendant admits that Plaintiff has filed documents with federal and state agencies. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 14 and, therefore, denies the same.

15.    Defendant admits that the EEOC issued a Right to Sue Notice and states that the notice speaks for itself. Defendant denies any and all remaining allegations in Paragraph 15.

16.    Defendant admits it filed an Answer in this case and states that the Answer speaks for itself. Defendant denies any and all remaining allegations in Paragraph 16.

17.    Defendant admits Plaintiff filed Docket No. 9 and states that this document speaks for itself. Defendant denies any and all remaining allegations in Paragraph 17.

18.    Defendant admits Plaintiff filed the cited Docket numbers and states that the documents speak for themselves. Defendant denies any and all remaining allegations in Paragraph 18.

19.    Defendant admits Plaintiff filed this First Amended Complaint and states that this document speaks for itself. Defendant denies any and all remaining allegations in Paragraph 19.

20.     Defendant admits that Plaintiff purports to have filed this First Amended Complaint for the stated reasons. Defendant denies any and all remaining allegations in Paragraph 20.

## IV. FACTUAL ALLEGATIONS

21.     Defendant admits the allegations in Paragraph 21.

22.     Defendant denies the allegations in Paragraph 22.

23.     Defendant admits the allegations in Paragraph 23.

24.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 24 and, therefore, denies the same.

25.     Defendant admits Plaintiff performed work with the named accounts. Defendant denies any and all remaining allegations in Paragraph 25.

26.     Defendant denies the allegations in Paragraph 26.

27.     Defendant denies the allegations in Paragraph 27.

28.     Defendant admits Plaintiff submitted a purported grievance to Human Resources on or about May 22, 2025. Defendant states that this document speaks for itself. Defendant denies any and all remaining allegations in Paragraph 28.

29.     Defendant admits Plaintiff requested medical leave. Defendant lacks sufficient information to admit or deny Plaintiff's physical experiences and, therefore, denies the same. Defendant denies any and all remaining allegations in Paragraph 29.

30.     Defendant admits Plaintiff submitted a purported grievance to Human Resources on or about May 22, 2025. Defendant states that this document speaks for itself. Defendant denies any and all remaining allegations in Paragraph 30.

31.    Defendant denies the allegations in Paragraph 31.

32.    Defendant lacks sufficient information to admit or deny Plaintiff's physical experiences and, therefore, denies the same. Defendant denies any and all remaining allegations in Paragraph 32.

33.    Defendant denies the allegations in Paragraph 33.

34.    Defendant denies the allegations in Paragraph 34.

35.    Defendant denies the allegations in Paragraph 35.

## V. LEGAL CLAIMS

### COUNT 1 – ALLEGED RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. § 2000e-3(a))

36.    Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

37.    Defendant denies the allegations in Paragraph 37.

38.    Defendant denies the allegations in Paragraph 38.

39.    Defendant denies the allegations in Paragraph 39.

40.    Defendant denies the allegations in Paragraph 40.

41.    Defendant denies the allegations in Paragraph 41.

42.    Defendant denies the allegations in Paragraph 42.

43.    Defendant denies the allegations in Paragraph 43.

44.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 44.

## COUNT 2 – ALLEGED DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) (42 U.S.C. §§ 12112, 12203)

45.     Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

46.     Paragraph 46 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47.     Defendant admits that Plaintiff sought medical leave and short-term disability leave. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 47 and, therefore, denies the same.

48.     Defendant states that the documents speak for themselves. Defendant denies any and all remaining allegations in Paragraph 48.

49.     Defendant denies the allegations in Paragraph 49.

50.     Plaintiff's First Amended Complaint did not include a Paragraph 50. To the extent a response is required, Defendant denies any allegations in Paragraph 50.

51.     Defendant denies the allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

55.     Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 55.

## COUNT 3 – ALLEGED INTERFERENCE AND RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA) (29 U.S.C. §§ 2615(a)(1)–(2))

56.　　Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

57.　　Paragraph 57 states a legal conclusion to which no response is required.

58.　　Defendant states that the documents speak for themselves. Defendant denies any and all remaining allegations in Paragraph 58.

59.　　Defendant denies the allegations in Paragraph 59.

60.　　Defendant denies the allegations in Paragraph 60.

61.　　Defendant denies the allegations in Paragraph 61.

61.　　Defendant denies the allegations in the second Paragraph 61.

62.　　Defendant denies the allegations in Paragraph 62.

63.　　Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 63.

## COUNT 4 – ALLEGED MISCLASSIFICATION AND WAGE SUPPRESSION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA) (29 U.S.C. §§ 201 et seq.)

64.　　Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

65.　　Defendant admits Paragraph 65.

66.　　Defendant admits that Plaintiff performed work on the identified accounts. Defendant denies any and all remaining allegations in Paragraph 66.

67.    Defendant denies the allegations in Paragraph 67.

68.    Defendant denies the allegations in Paragraph 68.

69.    Defendant denies the allegations in Paragraph 69.

70.    Defendant denies the allegations in Paragraph 70.

71.    Defendant denies the allegations in Paragraph 71.

72.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 72.

## COUNT 5 – ALLEGED BENEFITS INTERFERENCE AND RETALIATION IN VIOLATION OF ERISA
## (29 U.S.C. §§ 1140, 1132, 1166)

73.    Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

74.    Defendant admits Plaintiff was enrolled in one or more of the identified plans. The remainder of Paragraph 74 states a legal conclusion to which no response is required.

75.    Defendant denies the allegations in Paragraph 75.

76.    Defendant denies the allegations in Paragraph 76.

77.    Defendant denies the allegations in Paragraph 77.

78.    Defendant denies the allegations in Paragraph 78.

79.    Defendant denies the allegations in Paragraph 79.

80.    Defendant denies the allegations in Paragraph 80.

81.    Defendant denies the allegations in Paragraph 81.

82.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 82.

## COUNT 6 – ALLEGED UNAUTHORIZED ACCESS AND DIGITAL SURVEILLANCE IN VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (CFAA)
### (18 U.S.C. § 1030, (a) (5))

83.    Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

84.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 84 and, therefore, denies the same.

85.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 85 and, therefore, denies the same.

86.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 86 and, therefore, denies the same.

87.    Defendant denies the allegations in Paragraph 87.

88.    Defendant denies the allegations in Paragraph 88.

89.    Defendant lacks sufficient information about the alleged activity to admit or deny the allegations in Paragraph 89 and, therefore, denies the same.

90.    Defendant denies the allegations in Paragraph 90.

91.    Defendant states that the identified documents speak for themselves. Defendant denies any and all remaining allegations in Paragraph 91.

92.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 92.

## COUNT 7 – ALLEGED UNLAWFUL INTERCEPTION OF ELECTRONIC COMMUNICATIONS IN VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT (ECPA) (18 U.S.C. §§ 2510–2523)

93.    Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

94.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 94 and, therefore, denies the same.

95.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 95 and, therefore, denies the same.

96.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 96 and, therefore, denies the same.

97.    Defendant denies the allegations in Paragraph 97.

98.    Defendant denies the allegations in Paragraph 98.

99.    Defendant denies the allegations in Paragraph 99.

100.    Defendant denies the allegations in Paragraph 100.

101.    Defendant denies the allegations in Paragraph 101.

102.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 102.

## COUNT 8 – ALLEGED RETALIATION AND COERCION IN VIOLATION OF
## THE NATIONAL LABOR RELATIONS ACT (NLRA)
## (29 U.S.C. § 158(a)(1))

103.    Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

104.    Paragraph 104 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 104.

105.    Defendant denies the allegations in Paragraph 105.

106.    Defendant denies the allegations in Paragraph 106.

107.    Plaintiff's First Amended Complaint did not include a Paragraph 107. To the extent a response is required, Defendant denies any allegations in Paragraph 107.

108.    Defendant admits Plaintiff filed a charge with the National Labor Relations Board. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 108 and, therefore, denies the same.

109.    Defendant denies the allegations in Paragraph 109.

110.    Defendant denies the allegations in Paragraph 110.

111.    Defendant denies the allegations in Paragraph 111.

112.    Plaintiff's First Amended Complaint did not include a Paragraph 112. To the extent a response is required, Defendant denies any allegations in Paragraph 112.

113.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 113.

11

**COUNT 9 – ALLEGED CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 U.S.C. § 1985(2)–(3) (Obstruction of Federal Testimony and Deprivation of Equal Protection)**

114. Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

115. Defendant denies the allegations in Paragraph 115.

116. Defendant denies the allegations in Paragraph 116.

117. Defendant denies the allegations in Paragraph 117.

118. Defendant denies the allegations in Paragraph 118.

119. Defendant denies the allegations in Paragraph 119.

120. Defendant denies the allegations in Paragraph 120.

121. Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 121.

**COUNT 10 – ALLEGED GOVERNMENT INTERFERENCE AND FAILURE TO PROTECT (EQUITABLE CLAIM, BIVENS-LIKE THEORY—First and Fifth Amendment Protections; Procedural and Substantive Due Process)**

122. Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

123. Defendant states that the identified documents speak for themselves. Defendant denies any and all remaining allegations in Paragraph 123.

124. Defendant lacks sufficient information to admit or deny how government agencies interacted with Plaintiff or their intentions when taking action and, therefore,

denies these allegations. Defendant denies any and all remaining allegations in Paragraph 124.

125.    Defendant denies the allegations in Paragraph 125.

126.    Defendant denies the allegations in Paragraph 126.

127.    Defendant denies the allegations in Paragraph 127.

128.    Defendant denies the allegations in Paragraph 128.

129.    Defendant denies the allegations in Paragraph 129.

130.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 130.

## COUNT 11 – ALLEGED CONSTRUCTIVE DISCHARGE
### (Retaliation, Hostile Work Environment, and Involuntary Separation)

131.    Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

132.    Defendant admits the allegations in Paragraph 132.

133.    Defendant denies the allegations in Paragraph 133.

134.    Defendant denies the allegations in Paragraph 134.

135.    Defendant denies the allegations in Paragraph 135.

136.    Defendant denies the allegations in Paragraph 136.

137.    Defendant denies the allegations in Paragraph 137.

138.    Defendant denies the allegations in Paragraph 138.

139.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 139.

## COUNT 12 – ALLEGED DECLARATORY AND INJUNCTIVE RELIEF
## (28 U.S.C. §§ 2201–2202)

140.    Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

141.    Defendant admits the allegations in Paragraph 141.

142.    Defendant denies the allegations in Paragraph 142.

143.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 143.

144.    Defendant denies the allegations in Paragraph 144.

145.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 145.

## COUNT 13 – ALLEGED SECURITIES FRAUD AND UNAUTHORIZED ESPP DEDUCTIONS
## (15 U.S.C. § 78j(b); SEC Rule 10b-5)

146.    Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

147.    Defendant lacks sufficient information at this time about the alleged activity completed by Morgan Stanley to admit or deny the allegations in Paragraph 147 and, therefore, denies the same.

148.    Defendant states that the identified document speaks for itself. Defendant denies any and all remaining allegations in Paragraph 148.

149.    Defendant denies the allegations in Paragraph 149.

150.    Defendant denies the allegations in Paragraph 150.

151.    Defendant denies the allegations in Paragraph 151.

152.    Defendant denies the allegations in Paragraph 152.

153.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 153.

### COUNT 14 – ALLEGED WAGE THEFT AND PAYROLL MISREPRESENTATION
### (Minn. Stat. §§ 181.032, 181.13; Common Law Fraud)

154.    Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

155.    Defendant denies the allegations in Paragraph 155.

156.    Defendant denies the allegations in Paragraph 156.

157.    Defendant denies the allegations in Paragraph 157.

158.    Defendant denies the allegations in Paragraph 158.

159.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 159.

## COUNT 15 – ALLEGED RELIGIOUS AND SPIRITUAL RETALIATION UNDER TITLE VII
## (42 U.S.C. § 2000e-2(a); First Amendment Principles) (Minn. Stat. §§ 181.032, 181.13; Common Law Fraud)

160.    Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

161.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 161 and, therefore, denies the same.

162.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 162 and, therefore, denies the same.

163.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 163 and, therefore, denies the same.

164.    Defendant denies the allegations in Paragraph 164.

165.    Defendant denies the allegations in Paragraph 165.

166.    Defendant admits that Plaintiff did not use the identified email for work. Defendant denies any and all remaining allegations in Paragraph 166.

167.    Defendant denies the allegations in Paragraph 167.

168.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 167.

16

## COUNT 16 – ALLEGED PATTERN OR PRACTICE OF SYSTEMIC
## RETALIATION AND CLASS-BASED SUPPRESSION
### (Title VII, ADA, FMLA – Pattern and Practice Theory; Rule 23 Context)

169.    Defendant re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

170.    Defendant denies the allegations in Paragraph 170.

171.    Defendant denies the allegations in Paragraph 171.

172.    Defendant denies the allegations in Paragraph 172.

173.    Defendant denies the allegations in Paragraph 173.

174.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that this case is appropriate for class relief and that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 174.

175.    Defendant admits that Plaintiff seeks the stated remedies but denies that it engaged in any wrongdoing whatsoever and denies that this case is appropriate for class relief and that Plaintiff is entitled to any damages. Defendant denies any and all remaining allegations in Paragraph 175.

### ALLEGED RESERVATION OF RIGHTS AND SEVERABILITY

Defendant specifically denies that Plaintiff is entitled to reserve rights regarding this Action beyond the rights provided by law and as stated in orders by this Court. Defendant denies that it engaged in any wrongdoing, that this case is appropriate for class or systematic review, and that Plaintiff is entitled to any relief whatsoever.

## ALLEGED PRAYER FOR RELIEF

Defendant specifically denies that Plaintiff is entitled to the relief set forth in the "Prayer for Relief" section of the First Amended Complaint.

## ALLEGED CLOSING STATEMENT TO THE COURT

Defendant specifically denies the allegations in the Closing Statement to the Court in Plaintiff's First Amended Complaint. Defendant denies that it engaged in any wrongdoing, that this case is appropriate for class or systematic review, and that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant avers that Plaintiff's claims are so vague and voluminous as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves its right to assert additional defenses should the precise nature of Plaintiff's claims become clear. Further answering, Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove:

1.      Plaintiff's First Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.      The First Amended Complaint, and each of its causes of action, is barred in whole or in part because Defendant had an honest, good-faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

3.      Plaintiff's First Amended Complaint fails, in whole or in part, because Defendant acted in good faith, upon proper occasion and with proper motive. Defendant's conduct with respect to Plaintiff was based on legitimate, non-discriminatory and non-retaliatory reasons, and was not in violation of any statute, law, rule, regulation ordinance, or common law.

4.      Plaintiff's First Amended Complaint fails to the extent Plaintiff has failed to exhaust administrative remedies.

5.      Plaintiff's First Amended Complaint fails because Plaintiff has suffered no harm and no damages. Any damages Plaintiff alleges to have suffered are as a result of his own conduct and/or failure to mitigate his alleged damages.

6.      To the extent Plaintiff's First Amended Complaint alleges a failure to reasonably accommodate, Plaintiff's First Amended Complaint fails because Plaintiff failed to engage in the interactive process.

7.      Plaintiff's Amended First Amended Complaint fails because Plaintiff failed to plead fraud with specificity as required.

8.      Plaintiff's First Amended Complaint fails to the extent Plaintiff alleges violations of the United States Constitution or other law that is only applicable to a government entity because Defendant is not a government entity or even a quasi-government entity.

9.      Plaintiff's First Amended Complaint fails to the extent that Plaintiff failed to plead all of the elements of a claim of conspiracy.

10.     Plaintiff's First Amended Complaint fails because he cannot establish that no reasonable person would have remained in employment with Defendant.

11.     Plaintiff's First Amended Complaint fails to the extent Plaintiff seeks injunctive relief because Plaintiff cannot establish the elements required to obtain injunctive relief including irreparable harm if injunctive relief is not granted.

12.     Plaintiff's First Amended Complaint fails because it purports to seek class review and remedies, but it does not establish the necessary elements for a class to be certified nor has Plaintiff met the procedural requirements for class certification. Plaintiff's allegations are specific to his experience and not appropriate for litigation as a class.

13.     Plaintiff's First Amended Complaint fails to the extent he alleges denial of or interference with a protected leave because Plaintiff did not submit the necessary documentation to support leave sought as required by law and/or applicable leave plans.

To the extent to which the First Amended Complaint may be barred by any remaining affirmative or other defenses that cannot be determined at this time without the benefit of additional discovery, as a separate and affirmative defense to the First Amended Complaint, Defendant reserves its rights to assert all affirmative and other defenses as appropriate.

WHEREFORE, having responded to the allegations in Plaintiff's First Amended Complaint, Defendant hereby requests that the Court enter an Order:

A.     Dismissing Plaintiff's First Amended Complaint with prejudice and ordering that Plaintiff take nothing by his alleged causes of action;

B.    Awarding Defendant its costs and expenses, including reasonable attorneys' fees, as set forth under the law; and

C.    Awarding Defendant such other relief as the Court deems just and proper.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.**

Dated:  August 14, 2025

*s/Jody Ward-Rannow*
Jody Ward-Rannow, #0387098
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN  55402
Telephone:  612-336-6873
Facsimile:  612-339-0061
jody.ward-rannow@ogletree.com

***Attorneys for Defendant***
***Concentrix Corporation***