UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |
|---|---|
| EMMANUEL A. LUGO,<br>    Plaintiff,<br>v.<br><br>CONCENTRIX CORPORATION,<br>    Defendant. | ) <br>) **PLAINTIFF'S NOTICE OF ONGOING**<br>) **RETALIATION AND COORDINATED**<br>) **AGENCY INTERFERENCE**<br>) **Case No.** 0:25-cv-02585-ECT-JFD<br>)<br>)<br>) |

Plaintiff Emmanuel A. Lugo respectfully submits this Notice to apprise the Court of **post-filing developments** relevant to case management and discovery, including new instances of retaliation and potential agency-interference concerns arising after the filing of Plaintiff's **First Amended Complaint (Dkt. 49, filed July 31, 2025)**.

**I. PROCEDURAL CONTEXT**

- Defendant filed its Answer on **August 14, 2025** (**Doc. 51**), acknowledging Plaintiff's ongoing employment status during this litigation.

- Plaintiff has previously filed exhibits documenting benefit disruptions and retaliation, including **Dkt. 25 (AA.1–AA.3)**, **Dkt. 37 (CC.1)**, **Dkt. 45 (CC.5)**, and **Dkt. 46 (CC.6)**.

**II. RECENT EVENTS**

**(a)** On **Saturday, August 16, 2025**, Defendant's Human Resources sent Plaintiff a **"return-to-work"** email asserting that absences since **June 27, 2025** were **"unexcused."** See **Exhibit A** (Aug 16, 2025 HR email). Plaintiff responded in writing the same day, confirming ongoing treatment and preservation of the record. See **Exhibit B** (Plaintiff reply, Aug 16, 2025). This HR assertion is inconsistent with Defendant's Answer (**Doc. 51**) and with Plaintiff's **Attending**

**Physician Statement and certification** submitted to UNUM on **July 27, 2025**. See **Exhibit C** (provider certification, July 27, 2025).

**(b)** On **August 14, 2025**, the **National Labor Relations Board, Region 18**, issued a dismissal letter in **Case No. 18-CA-367053**, served via e-service shortly after Plaintiff's federal filing. See **Exhibit D** (NLRB Region 18 dismissal letter). Plaintiff notes that this outcome appears to have issued without full consideration of (i) timely affidavits and supplemental declarations; (ii) retaliatory acts occurring after **July 31, 2025**; and (iii) potential cross-communications among involved actors. Plaintiff is preserving and pursuing any available NLRB review/appeal rights and references this administrative event solely to apprise the Court of contemporaneous developments; the NLRB process proceeds independently.

## III. PATTERN AND DISCOVERY RELEVANCE

Plaintiff has reason to believe the foregoing developments are consistent with a **coordinated defense posture** aimed at neutralizing or closing parallel agency matters while litigation proceeds. Plaintiff will seek discovery subject to proportionality and privilege to test the existence, timing, and scope of any communications among Defendant, its agents/insurers, and third parties concerning: HR status determinations, benefits processing **(UNUM/UHC/ESI), payroll/ESPP/401(k)** records, and interactions with **NLRB/EEOC/MDHR/DOL-EBSA**. Plaintiff will propose a short-form ESI protocol and a **Rule 502(d)** order at the **Rule 26(f)** conference, together with a **regulator carve-out** in the protective order so productions may be shared with appropriate regulators consistent with law.

## IV. APPLICABLE LEGAL FRAMEWORK (context for scheduling and discovery)

- **NLRA**: employee protected activity and interference/retaliation, **29 U.S.C. § 157** (§ 7) and **§ 158(a)(1), (3)** (§ 8(a)).
- **Title VII retaliation**: **42 U.S.C. § 2000e-3(a)**.

- **ADA retaliation**: **42 U.S.C. § 12203(a)**.

- **ERISA interference**: **29 U.S.C. § 1140** (§ 510).

- **FMLA interference/retaliation (if applicable to benefit/leave facts already pled)**: **29 U.S.C. § 2615**.

These citations are provided to orient discovery and case-management discussions; this Notice seeks no merits ruling.

## V. PURPOSE OF NOTICE; PRESERVATION AND NEXT STEPS

This is a **Notice**, not a motion. Plaintiff files it to preserve the **post-filing** record and to inform upcoming **Rule 26(f)** planning under **Fed. R. Civ. P. 16, 26(f)** and **D. Minn. LR 26.1**. Plaintiff will address these subjects at the Rule 26(f) conference and through targeted requests under **Rules 26(b)(1), 26(b)(5), and 34(b)(2)(E)**. Plaintiff continues to preserve all materials and reserves the right to supplement.

## VI. FORTHCOMING SUPPLEMENTS

Plaintiff is preparing additional materials, including **Exhibit Set EE (Financial/benefit misconduct chronology)** and **Exhibit Set FF (Post-filing retaliation and agency-interference timeline)**. Plaintiff will submit **Exhibit FF.3** in a subsequent filing.

Respectfully submitted,
**/s/ Emmanuel A. Lugo**
*Pro Se* - Plaintiff,
Dated: **August 17, 2025**

## VII. ATTACHMENTS

**Exhibit A —** HR "Return-to-Work" email (Aug 16, 2025)

**Exhibit B —** Plaintiff reply (Aug 16, 2025)

**Exhibit C —** Attending Physician Statement/certification to UNUM (July 27, 2025)

**Exhibit D —** NLRB Region 18 dismissal letter (Case No. 18-CA-367053 - Aug 14, 2025)