UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Emmanuel A. Lugo,<br><br>     Plaintiff,<br>v.<br><br>Concentrix Corporation,<br><br>     Defendant. | Case No. 25-cv-2585 (ECT/JFD)<br><br>**ORDER** |

This matter is before the Court on Plaintiff Emmanuel A. Lugo's Motion to Compel Discovery. (Dkt. No. 65.) The motion was originally filed on November 26, 2025 and noticed for a hearing on December 9, 2025. (*See* Notice of Hr'g, Dkt. No. 66.) The Motion was procedurally defective because, at the time he filed the Motion, Mr. Lugo did not file the necessary accompanying documents pursuant to D. Minn. LR 7.1(b)(1), including a Memorandum in Support and a Meet & Confer Statement. Those documents were not filed until December 1, 2025, only eight days before the scheduled hearing. (*See* Dkt. Nos. 68, 70.). Because of those deficiencies, the Court canceled the hearing, ordered the Defendant, Concentrix Corporation ("Concentrix"), to respond by December 8, 2025, and stated that it would decide if a hearing was necessary after the issue was fully briefed. (*See* Dec. 2, 2025 Order, Dkt. No. 73.) The Court requires no oral argument on the motion and denies it due to Mr. Lugo's persistent violation of the Local Rules of this Court.[1]

---

[1] Over and above the procedural deficiencies that are alone sufficient to warrant denial of Mr. Lugo's motion, his motion is also without substantive merit. Mr. Lugo takes issue with the discovery provided by Concentrix in its initial disclosures, provided pursuant to Federal Rule of Civil Procedure 26(a)(1). That Rule requires parties to provide the name

1

Preliminarily, Mr. Lugo has yet again failed to follow the Local Rules of this district in filing his motion, a persistent problem in this case. To date, Mr. Lugo has been admonished for his failure to meet and confer before filing a motion (*see* July 3, 2025 Order, Dkt. No. 17); ordered to "cease filing on the docket those documents not permitted by the Federal Rules of Civil Procedure or the Local Rules" (*see* July 28, 2025 Order 3, Dkt. No. 48); and has had multiple motions denied for failure to properly meet and confer pursuant to Local Rule 7.1(a) (*id.*), even after the Court denied Mr. Lugo's request to waive the meet and confer requirement. (*See id.* at 2.)

Mr. Lugo continues to violate the simple requirement in Local Rule 7.1(a) that he meet and confer with opposing counsel about his grievances before filing a motion. Here, he filed his Motion on November 26, 2025 and did not file a meet and confer statement until the following week, despite the fact that the papers must be filed simultaneously. When he did finally file his meet and confer statement, he listed written communications

---

and contact information for each person likely to have discoverable information and a copy of all documents that the disclosing party may use to support its claims or defenses, along with any insurance agreement that may cover potential damages at issue in the case. Fed. R. Civ. P. 26(a)(1)(A). "The primary purpose of Rule 26 disclosures is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Burks v. Abbott Lab'ys*, No. CV 08-3414 (JRT/JSM), 2011 WL 13314927, at *8 (D. Minn. July 8, 2011) (citing *United State ex. rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002)). Rule 26(a)(1)(A) is not designed to compel parties to disclose every conceivably relevant document or person with knowledge, but to give the parties a baseline understanding of the case and its major players in order to craft more targeted requests later in the discovery process. The information Mr. Lugo seeks may be discoverable, but his requests are better suited for Requests for Production or other like discovery devices.

he made to opposing counsel and a conference that included discussion on a separate issue. (*See* Meet & Confer Statement, Dkt. No. 70.) This does not suffice.

First, "[m]eeting and conferring by email is generally inadequate to satisfy the requirement that the parties meet in a 'good-faith effort' to resolve a disagreement." *Mgmt. Registry, Inc. v. A.W. Companies, Inc.*, No. 017-CV-05009 (JRT/KMM), 2019 WL 2024538, at *2 (D. Minn. May 8, 2019); *see also Cattanach v. Burlington N. Santa Fe, LLC*, No. CV 13-1664 (JRT/JSM), 2014 WL 11429037, at *9 (D. Minn. Sept. 16, 2014) ("letters or emails cannot substitute for a personal conversation"). The Court's practice pointers also state that:

> The meet-and-confer requirement of the Local Rules is intended to lead to a meaningful, pre-motion-filing exchange of views between the parties to a lawsuit, and, if possible, to a full or partial resolution of the matter(s) that are the subject of a contemplated motion. Neither a desultory, pro forma conversation, nor letterwriting or email campaigns satisfy the letter—or the spirit—of the meet-and-confer requirement of the Local Rules.

*Magistrate Judge John F. Docherty Practice Pointers and Preferences*, https://www.mnd.uscourts.gov/sites/mnd/files/JFD.pdf.

Concentrix has certified to the Court that the topic of the meet and confer discussion on September 30, 2025 was the parties' proposed protective order, not the deficiencies that Mr. Lugo raised for the first time the day before, as he claims. While Concentrix's counsel acknowledged receipt of Mr. Lugo's claimed deficiencies, there was no substantive discussion of those deficiencies in this meeting. (Maldonado Decl. ¶4, Dkt. No. 76.) Not only did Mr. Lugo not comply with the Rules yet again, it is likely that he made substantial misrepresentations to the Court in order to avoid compliance. The Rules are in place for a

reason, and Mr. Lugo, though he is representing himself, must follow them. His continued failure to do so, paired with his apparent knowledge of his violations shows a troubling lack of respect for the Court and opposing counsel.

For at least the third time, the Court must remind Mr. Lugo that he is required to follow the same rules as the lawyers practicing before this court, including the Federal Rules of Civil Procedure and the Local Rules of the District of Minnesota. But the Court now must take further action. From now on, for every document that Mr. Lugo files on the docket in contravention of those rules, the relief he requests will be summarily denied, and he will be ordered to pay Concentrix $100 to compensate for the attorney time wasted by his frivolous filings. If Mr. Lugo's behavior changes and seeks relief in a way that complies with the rules, the Court will address his concerns.

SO ORDERED.

Date: December 11, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge